United States District Court
Southern District of Texas
**ENTERED**
February 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| HUGO BALDERAS, § § Plaintiff, § § VS. § § DRUG ENFORCEMENT § ADMINISTRATION, § § Defendant. § | MISC. ACTION NO. 7:07-MC-74 |

### REPORT AND RECOMMENDATION

Plaintiff Hugo Balderas, a federal prisoner proceeding pro se, has filed a "Petition for Return of Personal Property in U.S. Currencies" pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (Docket No. 1.)[1] Plaintiff failed to pay the filing fee required to proceed with this civil action at the time he filed his motion, and he thereafter failed to comply with an order directing him to either pay the filing fee or submit a properly-supported request to proceed in forma pauperis. For the reasons that follow, the undersigned recommends that this action be dismissed for failure to prosecute.

### I. BACKGROUND

On May 13, 2005, Plaintiff was sentenced to 46 months imprisonment after pleading guilty to possession with intent to distribute approximately 12 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. (*United States v. Balderas*, 7:04-cr-730-1, Cr. Docket No. 81.) In November 2007, over two (2) years after judgment was entered in

---

[1] Plaintiff's motion for return of property arises out of his criminal case, *United States v. Balderas*, 7:04-cr-730-1. Docket entry references in this report are to the instant civil action, unless otherwise noted.

Plaintiff's criminal case, he filed the instant "Petition for Return of Personal Property in U.S. Currencies."[2] (Docket No. 1.) In his pleading, Plaintiff requests the return of $16,000 in U.S. currency that he alleges was confiscated from his residence by Drug Enforcement Agency (DEA) agents who were executing a search warrant. (*Id.* at 4.) In response to Plaintiff's petition, the DEA case agent working on the investigation that led to Plaintiff's arrest asserts that "no currency was seized" during the investigation or search of the house in question. (Docket No. 3, at 2; Docket No. 3-1, at 2.)

However, when he filed his petition Plaintiff neither paid the required filing fee, nor did he submit a properly supported request to proceed in forma pauperis. (*See* Docket No. 2.) As such, Plaintiff was informed of his obligations under the Prison Litigation Reform Act (PLRA) and ordered to pay filing fee within thirty (30) days or submit an application to proceed in forma pauperis, along with the required supporting financial information. (Docket No. 4.) Plaintiff was warned that failure to comply with the Court's order could result in the dismissal of his action for failure to prosecute. (*Id.* at 2.) Plaintiff was also informed that he must "keep the Clerk advised in writing of his current address and to file promptly a change of address when necessary." (*Id.* at 3.) Plaintiff was further warned that "[f]ailure to do so may be interpreted as failure to prosecute and may also result in the dismissal of this case." (*Id.* (emphasis in original).)

This order was returned as "undeliverable," suggesting that Plaintiff did not keep the Clerk informed of his current address subsequent to filing this action. (Docket No. 5.) Plaintiff has taken no further action in this case, nor has he had any contact with the Court since the Court's order was returned as undeliverable.

---

[2] Because Plaintiff filed his petition well after his criminal case was resolved, his claim must be brought in a separate civil action pursuant to 28 U.S.C. § 1331. *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000).

## II. ANALYSIS

Plaintiff's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiff has failed to comply with the relevant rules and to prosecute this action in two ways. First, as a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4.

Plaintiff has failed to provide an updated address to the Clerk as required by Local Rule 83.4. As described above, the last court document sent to Plaintiff was returned as undeliverable. (Docket No. 5.)

Second, Plaintiff has never paid the required filing fee, and he failed to respond to the Court's order regarding his obligations pursuant to the PLRA. In addition, he has not taken any other action to move his case forward.

In sum, because Plaintiff failed to provide an updated address in compliance with Local Rule 83.4 and failed to either pay the filing fee or meet the PLRA's requirements to proceed in forma pauperis, this case should be dismissed for failure to prosecute. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address); *see also Estrada v. United States*, 7:16-MC-244, 2017 WL 4457588 (S.D. Tex. Sept. 13, 2017) (recommending dismissal of a motion for return of property based on a failure to prosecute); *Cadena v. United States*, 3:17-CV-1815, 2017 WL 4570721 (N.D. Tex. Sept. 11, 2017) (recommending dismissal of a motion for return of property based on a failure to prosecute). No less drastic sanction is available here, given that the last court document was returned as undeliverable and the Court thus cannot communicate with Plaintiff.[3] *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's "Petition for Return of Personal Property in U.S. Currencies" (Docket No. 1) be DENIED and that this action be DISMISSED for failure to prosecute.

### NOTICE TO THE PARTIES

---

[3] A copy of this Report will be sent to Plaintiff at the last address he provided. Should Plaintiff respond to the Report by complying with the prior order (Docket No. 4), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

The Clerk shall send copies of this Report and Recommendation to Plaintiff and counsel for Defendant, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on Feb. 24, 2021.

Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE